UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAVA ZEEVI, EXECUTRIX OF THE ESTATE OF YEKUTIEL ZEEVI,<br><br>            Plaintiff,<br>    v.<br><br>RONEN KONFINO,<br><br>            Defendant. | 3:12-cv-01125 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.      Introduction and Facts**

Plaintiff Nava Zeevi (hereafter "Plaintiff" or "Zeevi") commenced this action against Defendant Ronen Konfino (hereafter "Defendant" or "Konfino") on August 3, 2012, alleging that Konfino had personally borrowed from Plaintiff's husband a total of $155,000.00, and that this debt had been memorialized in a written promissory note (hereafter the "Note") executed by Konfino on or about February 5, 2011. *See* Complaint [Doc. 1]. Due to the death of Plaintiff's husband on December 8, 2011, his estate, of which Plaintiff is executrix, is the holder and owner of the Note. *Id.* On November 7, 2012, Plaintiff made a Motion for Default Judgment as to Defendant [Doc. 9], who as of the date of this Order has not entered an appearance in this case.

Plaintiff's pleadings allege the following facts. Plaintiff was appointed executrix of the Estate of Yekutiel ("Kuti") Zeevi, her deceased husband, on January 10, 2012. [Doc. 9-1]. Plaintiff states that in the course of her review of the Estate's records, she discovered the Note, written in Hebrew, which indicates that Ronen Konfino owed her husband the principal amount of $155,000.00 at the time of her husband's death. *Id.* Plaintiff provided a copy of the Note [Doc. 9-2], as well as

a translation of the Note into English. [Doc. 9-3]. The English translation of the Note is as follows:

> 2-4-2011
>
> Personal debt of Ronen to Kuti
>
> Ronen owes Kuti     $155,000
>
> Received      -      $100,000
>
> Received      -       15,000
>
> Received      -       40,000
>
> _____
>
> Total         -      $155,000
>
> Ronen Konfino
>
> 2/5/11

*See id.* Plaintiff asserts that this money was not repaid to her husband or to his estate before or after his death.

In her Complaint, Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship, writing that "[t]his Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this action involves a dispute between citizens of different states. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."[1] [Doc. 1] at ¶ 4. Plaintiff is thus evoking 28 U.S.C. § 1332(a)(1), under which "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different

---

[1] Plaintiff's Complaint alleges no facts or circumstances that would potentially give rise to a federal claim arising under the Constitution or a federal statute. Therefore, no "federal question" subject matter jurisdiction may be found under 28 U.S.C. § 1331.

States..." However, while the element of jurisdictional *amount* necessitated under 28 U.S.C. § 1332 is satisfied – given that, as is set forth *infra*, Plaintiff seeks damages in excess of $155,000.00 – Plaintiff has failed to allege facts which sufficiently establish that a necessary *diversity of citizenship* exists.

## II.     Discussion

A federal court must determine with certainty whether it has subject matter jurisdiction over a case that is pending before it. Even when neither party suggests that a court lacks subject matter jurisdiction, a court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") Accordingly, a court must "review a plaintiff's complaint at the earliest possible opportunity to determine whether [there is in fact] subject matter jurisdiction." *Licari v. Nutmeg Ins. Adjusters, Inc.*, 2008 WL 3891734 at *1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (stating that a district court may *sua sponte* raise the issue of subject matter jurisdiction at any time.))

Under Fed R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As the Second Circuit noted nearly three decades ago, it "is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co.*,

*Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

In order for diversity of citizenship to be complete under 28 U.S.C. § 1332, a plaintiff's citizenship must be diverse from that of all defendants in an action. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). "In an action in which jurisdiction is premised on diversity of citizenship, [such] diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

In Plaintiff's Complaint, she alleges that she "currently *resides* at 18 Half Mile Common[,] Westport, Connecticut." [Doc. 1] at ¶ 2 (emphasis added). Plaintiff's Complaint also alleged that, "[u]pon information and belief, defendant Ronen Konfino ... is a *resident* of New York." *Id.* at ¶ 3 (emphasis added). However, an individual's *citizenship* for diversity purposes is determined by his or her *domicile*, not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

The differences between a domicile and a residence are straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez*

*v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*

Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). While Plaintiff has in her Complaint alleged *residency* of herself and Defendant, she has not established either party's *citizenship*. For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former. *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925). Accordingly, the citizenship of all parties to this action must be confirmed.

### III.  Conclusion

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to supplement the record by providing an affidavit regarding her *domicile* at the time her Complaint in this action [Doc. 1] was filed, as well as stating whether she maintained any other residence in any other state at the time at which the Complaint was filed – i.e., August 3, 2012 – as well as (1) the location of all such residences kept; and (2) the approximate length of time spent at each such residence. The Court further ORDERS Plaintiff to

state in detail the source and grounds for her information and belief that at the time at which her Complaint was filed, Defendant was domiciled in New York.

All case deadlines shall be stayed pending the Court's review of Plaintiff's affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice to Plaintiff's filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
       December 4, 2012

                                        /s/ Chalres S. Haight, Jr.
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge